# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROY ROBERTSON, SCOTT BOLLIN, and TIMOTHY STOUGHTON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) No. 09-2606-KHV |
| BAYER AG, BAYER CORPORATION, BAYER CROPSCIENCE AG, BAYER CROPSCIENCE, LP, BAYER CROPSCIENCE HOLDING, INC., JOHN DOES 1-5 and PETER COODY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

On September 18, 2009, Roy Robertson, Scott Bollin and Timothy Stoughton filed a petition in the District Court of Johnson County, Kansas, claiming injuries arising from their employment at the Bayer CropScience LP facility in Stilwell, Kansas. See Petition Pursuant To Chapter 60 attached as Ex. A to Notice Of Removal By Defendants Bayer Corporation, Bayer Cropscience LP, And Bayer Cropscience Inc. (Doc. #1) filed November 25, 2009. On November 25, 2009, defendants removed the action to this Court, asserting diversity of citizenship as the basis for subject matter jurisdiction. Id. (citing 28 U.S.C. § 1332). This matter is before the Court on Plaintiffs' Motion For Remand Pursuant To 28 U.S.C. § 1447(c) (Doc. #13) filed January 8, 2010 and Defendant Peter Coody's Motion To Dismiss (Doc. #4) filed November 30, 2009.[1] For the reasons

---

[1] This Court has held that district courts should decline to decide dispositive motions addressed to pendent state law claims unless it appears that a federal claim will proceed to trial or a decision is necessary because of some peculiar aspect of the case. Welch v. Centex Home Equity Co., L.L.C., 323 F. Supp. 2d 1087, 1099-1100 (D. Kan. 2004)

set forth below, the Court finds that plaintiffs' motion to remand should be sustained and therefore declines to address the motion to dismiss.

## Standard For Removal

A civil action is removable only if plaintiffs could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. R.W. Lange, 787 F.Supp. 975, 977 (D. Kan. 1992).

When removal is challenged, the burden rests with the removing party to prove jurisdiction exists. Kansas Baptist Convention v. Mesa Operating Ltd., 703 F. Supp. 73 (D. Kan. 1989). Diversity jurisdiction depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side. Id. Upon specific allegations of fraudulent joinder, the Court may pierce the pleadings, consider the entire record and determine the basis of joinder by any means

2

available. Dodd v. Fawcett Publ'n, Inc., 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). The removing defendants' burden of proving fraudulent joinder is not unlike the burden of proving any claim of fraud. McLeod v. Cities Serv. Gas Co., 233 F.2d 242, 246 (10th Cir. 1956).

**Factual And Procedural Background**

The following facts are taken from plaintiffs' state court petition and the attachments thereto along with affidavits attached to the parties' motions.

Defendants are Bayer AG and Bayer CropScience AG (German chemical and pharmaceutical companies headquartered in Germany); Bayer Corporation (subsidiary of Bayer AG in the United States); Bayer CropScience Holding Inc. (a Delaware corporation with its principal place of business in North Carolina); and Bayer CropScience LP (a Delaware limited partnership with its principal place of business in North Carolina). None of the limited partners of Bayer CropScience LP are residents of Kansas or Missouri. Plaintiff Robertson is a citizen of Missouri. Peter Coody is citizen of Kansas as are plaintiffs Bollin and Stoughton.

Bayer CropScience LP operates a facility in Stilwell, Kansas to research, develop and manufacture herbicides, insecticides and fungicides. At various times between 1973 and 2009, plaintiffs worked at that facility. Coody worked at the facility, but as an employee of Bayer Corporation, from 1998 to 2002. He also worked there from 2004 to the present for Bayer CropScience LP. Coody worked for Bayer CropScience AG in Monheim, Germany from 2002 to 2003. The record does not indicate Coody's title at Bayer Cropscience LP, Bayer Corporation or Bayer CropScience AG.

At the facility, defendants instructed plaintiffs to apply herbicides, insecticides and fungicides in fields and greenhouses, and to animals and animal feed. The record does not indicate,

3

however, whether officials from Bayer Corporation or Bayer CropScience LP instructed plaintiffs to do so. Between December of 2005 and February of 2008, doctors diagnosed all three plaintiffs with papillary carcinoma of the thyroid.

Plaintiffs assert negligent failure to warn, negligent product design and manufacturing, negligent inspection and testing, strict liability failure to warn, strict liability product design and manufacturing, strict liability inspection and testing and fraudulent concealment. In each count, plaintiffs sue "all defendants." See Petition Pursuant To Chapter 60 attached as Ex. A to Notice Of Removal By Defendants Bayer Corporation, Bayer Cropscience LP, And Bayer Cropscience Inc. (Doc. #1) filed November 25, 2009 at 10-17.

## **Analysis**

Defendants argue that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs assert that the Court should remand because two plaintiffs are citizens of Kansas and Coody's citizenship in Kansas frustrates diversity jurisdiction. Defendants argue that plaintiffs have fraudulently joined Coody and that complete diversity exists.

The right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Fraudulent joinder is a term of art; it does not reflect on the integrity of plaintiffs or counsel but exists regardless of plaintiffs' motives when the circumstances do not offer a justifiable reason for joining defendant. Van Hoecke Contracting, Inc. v. Lennox Indus., Inc., No. 05-2343-JWL, 2005 WL 2575271, at *1 -2 (D. Kan. Oct. 12, 2005). Defendants bear the burden of proving fraudulent joinder. Id. (citing Getty Oil Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). This burden is

enormous. Montano v. Allstate Indem., No. 99-2225, 2000 U.S. App. Lexis 6852, at *4-5 (10th Cir. Apr. 14, 2000). To prove fraudulent joinder, defendants must demonstrate that plaintiffs have no possibility of establishing a cause of action against the party joined in state court. Id. Furthermore, fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. Kimbrell v. Hall-Kimbrell Envtl. Servs., Inc., No. 90-4162, 1990 WL 192749, at *1 (D. Kan. Nov. 20, 1990). In evaluating fraudulent joinder claims, the Court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing parties and determine whether they have any possibility of recovery against the party whose joinder is questioned. Id. This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6). Id. In Montano, the Tenth Circuit held that a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction. Id. (citation omitted). Unless state law is sufficiently developed to the degree where defendants can prove that plaintiffs have no possibility of asserting a claim against defendant, the Court must grant the motion to remand. Van Hoecke, 2005 WL 2575271, at *1.

Defendants argue that plaintiffs cannot properly sue Coody, the only non-diverse defendant, and that diversity jurisdiction is therefore proper. Specifically, defendants argue that plaintiffs' exclusive remedy is under the Kansas Workers' Compensation Act, K.S.A. § 44-501 et. seq., and that an injured employee cannot bring a common law tort action against his employer or fellow employee if the injured employee could recover benefits under the Act. Plaintiffs counter that Coody worked for Bayer Corporation, a separate entity from that which employed plaintiffs, and that

they therefore were not his co-employees.[2]

The Kansas Workers' Compensation Act precludes a plaintiff from maintaining a civil action against his employer or a fellow employee for any injury which is compensable under the Act. See Rajala v. Doresky, 233 Kan. 440, 442-443, 661 P.2d 1251, 1254 (Kan. 1983) (citing K.S.A. § 44-501 et seq.)). If a worker can recover benefits under the Act, the statutory remedy is exclusive and precludes a common law action for damages against the employer or co-employee. Karhoff v. National Mills, 18 Kan. App. 2d 302, 308, 851 P.2d 1021, 1045 (Kan. Ct. App. 1993). The Act is liberally construed to bring workers under the Act, whether or not it is desirable for a specific individual. Id. While no Kansas court has ruled on the issue, the Tenth Circuit has held that where a parent corporation has a separate and independent corporate status from its subsidiary, the parent cannot claim workers' compensation immunity as an alter ego of its subsidiary. Love v. Flour Mills of Am., 647 F.2d 1058, 1062 (10th Cir. 1981) (applying Oklahoma law). Other state courts have held that a state workers' compensation statute does not bar a tort claim by an employee against the employer's parent corporation where the parent has not paid workers' compensation benefits to the employee. See, e.g., Boggs v. Blue Diamond Coal Co., 590 F.2d 655 (6th Cir. 1979) (parent not entitled to workers' compensation immunity for independent acts of negligence); Volb v. G.E. Capital Corp., 651 A.2d 1002, 1008 (N.J. 1995) (parent's separate identity should not be disregarded; workers' compensation immunity did not bar plaintiff's claim).

---

[2] Plaintiffs also argue that (1) Coody is not entitled to workers' compensation immunity because fraudulent concealment is an intentional tort for which workers' compensation immunity is not available. Citing Lawrence v. Phillips Petroleum Co., 6 Kan. App. 2d 272, 274, 627 P.2d 1168, 1170 (1981); Duncan v. Perry Packing Co., 162 Kan. 79, 86, 174 P.2d 78, 83 (1946); and (2) plaintiffs were engaged in agricultural pursuits which are not covered under the Kansas Workers' Compensation Act. Because these issues are not determinative of the issue of remand, the Court does not address them.

6

Here, plaintiffs' claims arise from conduct which occurred over 12 years. During that time, Coody worked for Bayer Corporation (1998 to 2002), Bayer CropScience AG (2002 to 2003) and Bayer CropScience LP (2004 to the present). See Affidavit Of Peter Coody attached as Ex. A to Defendants' Response To Plaintiffs' Motion For Remand (Doc. #20) filed February 1, 2010.

On this record, Coody is not entitled to fellow-servant immunity under the Kansas Workers' Compensation Act. First, because Kansas law does not clearly extend workers' compensation immunity to employees of parent corporations when employees of subsidiaries are injured, defendants cannot show that plaintiffs cannot possibly assert a claim against Coody. See Van Hoecke Contracting, Inc, 2005 WL 2575271, at *1.[3] Second, defendants have not demonstrated that Coody was a co-employee of plaintiffs at all times relevant to their claims. Resolving all disputed questions of fact and all ambiguities in controlling law in favor of plaintiffs, the Court determines that they do have a possibility of recovery against Coody. The Court therefore finds that plaintiffs did not fraudulently join him and that his citizenship destroys complete diversity in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Remand Pursuant To 28 U.S.C. § 1447(c) (Doc. #13) filed January 8, 2010 be and hereby is **SUSTAINED**.

Dated this 30th day of March, 2010 at Kansas City, Kansas.

---

[3] Several state courts have held a view contrary to the Tenth Circuit decision in Love and have found that if the subsidiary is effectively the alter ego of the parent, the parent may be immunized from a claim of tort liability asserted by an employee of the subsidiary. See, e.g., Harvey v. Fine Prods. Co., 275 S.E.2d 732, 733 (1980); Nichols v. Uniroyal, Inc., 399 So. 2d 751, 752-53 (La. Ct. App.1981); Coco v. Winston Indus., Inc., 330 So. 2d 649, 653-55 (La. Ct. App.); Wells v. Firestone Tire & Rubber Co., 364 N.W.2d 670, 674-75 (1984); Verhaar v. Consumers Power Co.,446 N.W.2d 299, 300-01 (1989); Andriacchi v. Cleveland Cliffs Iron Co., 436 N.W.2d 707, 709-11 (1989); Rasnick v. Pittston Co.,379 S.E.2d 353, 354-56 (1989). As noted, although Kansas has not decided this issue, the Court resolves in favor of plaintiffs all ambiguities in the controlling law.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court